UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SANTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CV-0094 CEJ |
| | ) | |
| MICHAEL BOWERSOX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Mark Santas for leave to commence this action without payment of the required filing fee. See U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court will grant applicant provisional leave to file this action in forma pauperis. The Court will also order that this complaint be transferred to the United States District Court for the Western District of Missouri.

### The Complaint

Plaintiff, a prisoner currently confined at the Jefferson City Correctional Center, seeks monetary and other relief pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from his confinement at the South Central Correctional Center ("SCCC"). Named as defendants are Michael Bowersox (SCCC superintendent), Terrina Ballinger (apparently an SCCC staff member), David Wynn (an SCCC corrections officer), Susan Howard (an SCCC caseworker), Missy Wade (an SCCC functional unit manager), an individual identified as "Person A" (apparently an SCCC staff member), an individual identified as "Person B" (apparently an SCCC staff member), an individual identified as " Person C" (apparently an SCCC staff member), and Mary Ann Phillipe (apparently an SCCC staff member). Plaintiff contends that his rights to due process were violated when he was found guilty of a false conduct violation and subsequently transferred from SCCC to the Jefferson City Correctional Center.

Dockets.Justia.com

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), venue for this action is proper where (i) any defendant resides, if all the defendants reside in the same state; (ii) a substantial part of the events or omissions giving rise to the claim occurred; or (iii) where any defendant may be found, if there is no district in which the action may otherwise be brought.  All of the events described in the complaint occurred at the SCCC which is located in Texas County, Missouri within the territorial jurisdiction of the Western District of Missouri.  See 28 U.S.C. § 105(b)(5).  Thus, all of the defendants can be found and the events giving rise to this claim occurred in the Western District of Missouri.  Therefore, venue is not proper in this district.

Pursuant to 28 U.S.C. § 1406(a), the District Court in which is filed a case laying venue in the wrong district may dismiss the case or, in the exercise of its discretion and in the interest of justice, transfer the complaint to any District Court in which such action could have been brought.  In cases involving a plaintiff who is proceeding pro se and in forma pauperis, especially a prisoner, the usual practice is to transfer the case to the proper district.  Therefore, this complaint shall be transferred to the United States District Court for the Western  District of Missouri.  Because venue is not proper in this district, no determination has been made as to whether the complaint is frivolous or fails to state a claim, or both, pursuant to 28 U.S.C. § 1915(e)(2)(A)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **PROVISIONALLY GRANTED**, subject to modification by the Western District of Missouri upon transfer.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it is being transferred to the Western District of Missouri.

An appropriate order shall accompany this order and memorandum.

Dated this 1st day of February, 2006

_____
**UNITED STATES DISTRICT JUDGE**